IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RHONDA D. LOTT**                                                                                                      **PLAINTIFF**

**v.**                                                                      **CIVIL ACTION NO. 2:14-CV-131-KS-MTP**

**FORREST COUNTY, MISSISSIPPI**
**(same entity as Sheriff of Forrest County,**
**Mississippi in his official capacity);**
**CHIEF DEPUTY CHARLES BOLTON,**
**in his individual capacity; and**
**SERGEANT ANDREA ESTRADA**
**in her individual capacity**                                                                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Forrest County, Mississippi's (same entity as Sheriff of Forrest County, Mississippi, in his official capacity) (the "County") Motion *In Limine* [87]. After reviewing the submissions of the parties, the record, and the applicable law, the Court finds that the County's motion should be granted in part and denied in part.

## I.  DISCUSSION

### A.     Deposition Testimony of Andre Cooley

Plaintiff intends to present the testimony of Andre Cooley ("Cooley") through deposition. In its motion, the County offers objections to certain portions of this deposition. Plaintiff agrees that many of the portions specified by the County are not admissible at trial. The County's Motion *In Limine* [87] will be **granted** as to these portions.

Plaintiff does argue, however, that two of the objected to portions are admissible. Specifically, she argues that the portions found at p. 21:4-20 and at p. 33:14-25 are admissible as they are not hearsay.

### 1.     P. 21:4-20

This portion of Cooley's deposition reads:

> The next morning when [Sheriff McGee] got to work I went in to speak with him and I outlined everything that was going on, and I explained to him that Rhonda was being harassed and she wasn't doing anything and I explained to them - - I said to him that if he thought that she was doing something she should have been fired back when they thought she was doing it, but I explained to him that Rhonda Lott was not doing anything and that I watched every bit of what goes on in the facility and she had not done anything.
> And I told him that Estrada was harassing Rhonda, going out of her way to make Rhonda uncomfortable and trying to turn everybody in the facility against Rhonda Lott when it was, in fact, Estrada that was agitating and precipitating most of the confrontation that they were having.

The County argues that this portion of the deposition is hearsay and is therefore inadmissible. Federal Rule of Evidence 801(c)(2) states that an out-of-court statement is hearsay when it is "offer[ed] in evidence to prove the truth of the matter asserted in the statement."  Here, the statements Cooley is testifying to are not offered to prove the truth of the subject of the statements, but rather to prove that the statements were made, regardless of their truth.  This portion of the deposition, then, is not inadmissible as hearsay, and the Court will **deny** the County's Motion *In Limine* [87] with respect to this portion of the deposition.  If requested, the Court will specifically instruct the jury that a portion of the quoted testimony is being submitted to prove the fact it was said and not the truth of the statement.

    **2.**    **P. 33:14-25**

This portion of the deposition reads

Q. That statement you gave or the information you gave to Sheriff McGee, do you still have a copy of that?
A. I'm sure I have it in one of my boxes.  It would take some time to locate it.
Q. Well, if you could, could you locate a copy of that and send us a copy. [sic]
A. Can you send me an email asking for it because if you don't I won't remember. [sic]
Q. Okay.  What's your email address?
A. You can do cacrap2@yahoo.com
Q. Okay. Cacrap2@yahoo.com?

2

The County objects to this portion of Cooley's testimony and contends that it is inadmissible as hearsay. In this portion, Cooley is not offering an out-of-court statement for the truth of the matter asserted so the Court cannot find that this is hearsay. *See* F.R.E. 801(c). Therefore, the Court will **deny** the County's Motion *In Limine* [87] with respect to this portion of the deposition. This ruling does not, however, preclude the County from raising objections to the copy of the written statement referred to in this portion if Plaintiff attempts to introduce the copy as evidence.

### B. Plaintiff's Expert Witness

The County asks the Court to limit the testimony of Plaintiff's designated expert, Family Nurse Practitioner Simon Redmond ("Redmond"), to opinions found in Plaintiff's medical records. The County contends that any opinions given by Redmond that are not found in the medical records would prejudice its ability to adequately prepare for trial. Plaintiff argues that the Court does not need to issue an order limiting the testimony, as Redmond's testimony will be consistent with the opinions found in the medical records.

While Local Uniform Rule of Civil Procedure 26(a)(2)(D) does not require an expert report from a treating physician designated as an expert, it does require defendants be given "a summary of the facts and opinions to which the witness is expected to testify." The Court assumes that this summary was given in the form of Plaintiff's medical records, as neither side has attempted to argue otherwise. Because no other opinions to which Redmond may testify have been given to the County, the Court therefore finds it appropriate to limit Redmond's testimony to the opinions found in the medical records and will **grant** the County's Motion *In Limine* [87] as to this issue. *See Previto v. Ryobi N. Am., Inc.*, No. 1:08-CV-177-HSO-JMR, 2010 WL 5185055, at *2 (S.D. Miss. Dec. 16, 2010). Plaintiff's assurances that her expert's testimony will be "consistent" with the medical

records is not enough. The opinions to which Redmond testifies must be found in the medical records.

### C. Miscellaneous

The County asks the Court to preclude any questions concerning purported extramarital affairs of Sheriff Billy McGee and other Forrest County employees as irrelevant under Federal Rule of Evidence 401 and 402. Alternatively, it asks that the Court preclude such questions as unfairly prejudicial, presumably making the argument under Federal Rule of Evidence 403. The Court finds neither of these arguments persuasive.

Because one of the issues in this case is whether the reason given for Plaintiff's termination, off-duty misconduct, was pretextual, evidence of off-duty misconduct by other Forrest County employees and the resulting employment decisions in those instances is relevant and admissible. Therefore, the Court will not preclude questioning on the extramarital affairs on relevancy grounds.

Additionally, the County has failed to explain why this line of questioning should be excluded under F.R.E. 403. The Practice Comment of this rule makes clear that "prejudice alone is not enough." The evidence at issue must expose the opposing party to "unfair prejudice" that "substantially outweigh[s]" the probative value of the evidence. F.R.E. 403. The Court will not exclude relevant evidence under F.R.E. 403 that is probative of an important issue at trial on the bare assertion that "the likelihood that the probative value of this evidence would be substantially outweighed by the prejudicial effect to the County is great." The County's Motion *In Limine* [87] will therefore be **denied** as to this issue, and Plaintiff will be allowed to pursue this line of questioning.

Plaintiff concedes, however, that she is not permitted to ask witnesses legal questions about whether any purported off-duty misconduct was a crime. The Court will therefore **grant** the County's Motion *In Limine* [87] with respect to such questions.

## II.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the County's Motion *In Limine* is **granted in part** and **denied in part**.

It is **granted** in that the opinion testimony of Plaintiff's expert, Nurse Practitioner Simon Redmond, is limited to those opinions found in Plaintiff's medical records. It is also **granted** in that Plaintiff will be precluded from asking witnesses legal questions as to whether off-duty misconduct constituted a crime. It is further **granted** in that the following portions of Andre Cooley's deposition are inadmissible as conceded by Plaintiff:

1. P. 22:2-20, 23-25;
2. P. 23:1-17;
3. P. 25:5-11;
4. P. 26:14-25;
5. P. 27:1-5, 13-20;
6. P. 29:22-24;
7. P. 34:8-14, 21-25;
8. P. 35:1-15, 24-25;
9. Pp. 36-37;
10. P. 38:1-5, 20-22;
11. P. 39:7-15;
12. P. 40:4-5, 19-20;
13. P. 41:5-8;
14. P. 42:21-23;
15. P. 47:25;
16. Pp. 48-74;
17. P. 75:1-20;
18. P. 77:9-25;
19. P. 78:1-7, 12-18.
20. P. 91:5-6.

5

It is **denied** in that the portions of Andre Cooley's deposition found at p. 21:4-20 and p. 33:14-25 will not be excluded as hearsay.  It is also **denied** in that Plaintiff will be allowed to ask questions about the purported extramarital affairs of Sheriff Billy McGee and other Forrest County employees.

SO ORDERED AND ADJUDGED this the 16th day of March, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE